UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RENE D. MEYER,<br><br>    Plaintiff,<br><br> vs.<br><br>JP MORGAN CHASE BANK, CHASE MANHATTAN MORTGAGE CORPORATION, AND AUTO-OWNERS INSURANCE,<br><br>    Defendants. | CIV. 15-5059-JLV<br><br>ORDER DENYING MOTION FOR TEMORARY RESTRAINING ORDER |

  On August 14, 2015, plaintiff Rene Meyer, appearing *pro se*, filed a complaint against the defendants. (Docket 1). Plaintiff's complaint seeks to invoke the diversity jurisdiction of the court under 28 U.S.C. § 1332 by alleging breach of contract claims against the defendants for dealings involving two mortgages and a homeowner's insurance policy. Id. at pp. 1-3. Plaintiff's claims also appear to invoke the federal question of jurisdiction of the court. 28 U.S.C. § 1401. Those claims are: count 1, unlawful seizure in violation of the First Amendment—freedom of religion; count 2, unlawful seizure in violation of the Thirteenth Amendment—enslaving plaintiff against her will; and count 3, violation of the First Amendment—threats of homelessness. Id. at p. 2. The fourth count of the complaint alleges intentional infliction of emotional distress. Id. at p. 5. Plaintiff seeks injunctive relief and monetary damages. Id. at pp. 5-6.

Plaintiff also filed a motion to stop a mortgage foreclosure and sheriff's auction. (Docket 5). Plaintiff's motion seeks a temporary restraining order to prevent the Sheriff's Office of Pennington County, South Dakota, from conducting a sheriff's sale pursuant to a judgment of foreclosure entered in the case captioned JP Morgan Chase Bank, National Association vs. Rene D. Wiswell, . . . aka Rene D. Meyer, *et al*, Civil No. 14-1566, in the Seventh Judicial Circuit Court for the State of South Dakota. (Docket 5-1 at pp. 3-4). The sheriff's sale is scheduled to occur at 10 a.m. on August 21, 2015. Id. at p. 4.

"[P]ro se complaints are to be construed liberally . . . ." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (referencing Estelle v. Gamble, 429 U.S. 97, 106 (1976). "A pro se [complaint] should be 'interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.' " Bracken v. Dormire, 247 F.3d 699, 704 (8th Cir. 2001) (citing White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976)). "[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer v. St. James R-1 School District, 446 F.3d 799, 802 (8th Cir. 2006). "A remedial interpretation of this kind often involves supplying legal or factual statements that the [complaint] should contain, or relaxing the rule that requires such statements, where it reasonably appears that they were omitted merely for lack of legal know-how." Bracken, 247 F.3d at 704. For purposes of considering plaintiff's request for a temporary restraining order only, the court will interpret the complaint as stating a claim for federal relief. Id.

2

The abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), "directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996) (citing Middlesex County Ethics Committee v. Garden Bar Association, 457 U.S. 423, 432 (1982)). The decision of the court to abstain under the Younger principles is reviewed for abuse of discretion. Id. The United States Supreme Court held "that Younger requires a federal court to abstain not only when and while the state trial court proceedings were ongoing, but until the state defendant (and federal plaintiff) exhausts [her] appellate remedies." Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1250 (8th Cir. 2012) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975) ("We therefore hold that Younger standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted [her] state appellate remedies."). "[D]eference [is] to be accorded state proceedings which have already been initiated and which afford a competent tribunal for the resolution of federal issues." Huffman, 420 U.S. at 609, n.21.

By plaintiff's own pleadings she acknowledges there is currently an ongoing state court action involving the same issues which form the basis for federal relief. That state court action implicates traditional state interests and provides plaintiff with "an adequate opportunity to raise the federal questions

presented." Fuller, 76 F.3d at 959.   Plaintiff's claim against the defendants under a homeowner's insurance policy, while potentially collateral to plaintiff's ability to pay her obligations under the mortgages, is not within the framework traditionally contemplated for a real estate mortgage foreclosure action.   That claim, if meritorious, can be remedied by money damages through the diversity jurisdiction of the federal court.   28 U.S.C. § 1332.   A temporary restraining order cannot issue when money damages are an adequate remedy.

Under the abstention doctrine of Younger, 401 U.S. 37 (1971) and Middlesex County Ethics Committee, 457 U.S. 423 (1982), the court must refrain from exercising federal jurisdiction at this time and not interfere with the ongoing state foreclosure action.   Accordingly, it is

ORDERED that plaintiff's motion for a temporary restraining order (Docket 5) is denied.

Dated August 17, 2015.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE