UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| RENE D. MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, CHASE MANHATTAN MORTGAGE CORPORATION, AND AUTO-OWNERS INSURANCE,<br><br>Defendants. | CIV. 15-5059-JLV<br><br>ORDER OF DISMISSAL |
|---|---|

On August 14, 2015, plaintiff Rene Meyer, appearing *pro se*, filed a complaint against the defendants. (Docket 1). On February 5, 2016, defendant JP Morgan Chase Bank filed a motion to dismiss, together with a brief and affidavit. (Dockets 12-14). On April 11, 2016, Auto-Owners Insurance filed a motion to dismiss and an affidavit. (Dockets 15 & 15-1).

On May 17, 2016, the court issued an order to Ms. Meyer directing her to file a responsive brief by June 24, 2016.[1] (Docket 16 at p. 2). The order cautioned Ms. Meyer that her "[f]ailure to comply with this order may result in the dismissal of the complaint with prejudice and without further notice." Id. at

[1]The court has no duty to advise plaintiffs of their obligation to respond to motions and the procedure for doing so. See Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (finding the court did not have an affirmative duty to advise a pro se litigant of the date by which he was to respond to a motion); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (finding the district court was not required to instruct a pro se litigant on how to properly respond to a motion).

pp. 2-3. As of the date of this order, plaintiff has not filed her brief or sought a further extension of time to do so.

Plaintiff's *pro se* status does not entitle her to disregard the Federal Rules of Civil Procedure. Bennett, 295 F.3d at 808. *Pro se* litigants also must comply with court rules and directives. Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). However, plaintiff's failure to respond to defendants' motions to dismiss "does not automatically compel resolution of [the motions] in favor of [defendants]." United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite a plaintiff's failure to respond to a defendant's summary judgment motion).

The court need not reach the merits of defendants' motions and declines to do so. Unlike the majority of cases where the district court resolved a motion on the merits despite a plaintiff's failure to respond, here, the court advised plaintiff of her obligation to respond and ordered her to show cause. Thus, the court finds plaintiff's nonresponsiveness particularly egregious.

"A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267

Fed. Appx. 496, 2008 WL 540172 at *1 (8th Cir. 2008); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (finding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]"). The court finds dismissal of plaintiff's complaint is appropriate given her disregard of the rules and the court's show cause order.

The court next must determine whether the dismissal of plaintiff's complaint should be with or without prejudice. "Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Based on the procedural history of this case and plaintiff's failure to respond to the court's show cause order, the court finds it appropriate to dismiss the complaint with prejudice.

Accordingly, pursuant to Rule 41(b) and the court's inherent authority, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that defendant JP Morgan Chase Bank's motion to dismiss (Docket 12) is denied as moot.

IT IS FURTHER ORDERED that defendant Auto-Owners Insurance's motion to dismiss (Docket 15) is denied as moot.

Dated July 14, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE